FRANK ZAVAGLIA, Respondent, v. EDWARD G. ENGERT, Appellant.— In a negligence action to recover damages for injury to person and property, the defendant appeals (as limited by his brief) from so much of an order of the Supreme Court, Westchester County, entered December 17, 1964, as denied his motion for a protective order vacating items (e) and (g) of plain-

tiff's notice of discovery and inspection. Order insofar as appealed from reversed, without costs; and defendant's motion for a protective order granted to the extent of vacating and striking out from the plaintiff's notice the said two items (e) and (g). The discovery and inspection with respect to the other items specified in the said notice shall proceed on 10 days' written notice at the place designated in the order, or at such other time and place as the parties may mutually fix by written stipulation. Plaintiff is not entitled to discovery of reports by a defendant to his insurance carrier or of statements obtained by the carrier from witnesses, even though they were obtained prior to the commencement of the action; such reports and statements are material prepared for litigation (*Finegold* v. *Lewis*, 22 A D 2d 447; *Kandel* v. *Tocher*, 22 A D 2d 513; *Ehrlich* v. *Kubis*, 23 A D 2d 782; CPLR 3101, subd. [d], par. 2). Nor is there any showing here that the material in question can no longer be duplicated and that withholding it will result in injustice or undue hardship. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.